

RECEIVED
IN LAKE CHARLES, LA
SEP 17 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALBERT POULLARD, JR., | * | CIVIL ACTION NO. 2:12-cv-02732 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| THE FIRESTONE GROUP, INC., | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court are a series of motions. The first motion is a Motion for Summary Judgment [Doc. 16] on the issue of discrimination under Section 1981 of the Civil Rights Act of 1866, filed by defendant, Firestone Polymers, L.L.C., improperly named in the caption as The Firestone Group, Inc. ("Firestone"), to which plaintiff, Albert Poullard, Jr. ("Poullard"), has filed no opposition. For the following reasons, the defendant's Motion [Doc. 16] is hereby **GRANTED**.

Also before the court are the following Motions *in Limine* filed by Firestone: Motion *in Limine* to Bifurcate Trial [Doc. 18]; Motion *in Limine* to Exclude Inadmissible Hearsay [Doc. 19]; Motion *in Limine* to Exclude References to Conduct of Which Plaintiff or His Witnesses Have No Personal Knowledge [Doc. 20]; Motion *in Limine* to Exclude Evidence of Time-Barred Assertions [Doc. 21]; and Motion *in Limine* to Exclude Witnesses and Exhibits That Were Not Timely and Properly Disclosed During Discovery [Doc. 22]. For the following reasons, Firestone's Motion *in Limine* [Doc. 18] be and hereby is **DENIED**. Firestone's Motion in *Limine* [Doc. 19] is **GRANTED**. Firestone's Motion *in Limine* [Doc. 20] is **GRANTED**.

1

Firestone's Motion *in Limine* [Doc. 21] be and hereby is **DENIED, AS PREMATURE**.

Firestone's Motion *in Limine* [Doc. 22] is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

This action, which is being brought under 42 U.S.C. § 1981, stems from the termination of Poullard's employment at Firestone on June 10, 2010.[1] For approximately fourteen years, Poullard was employed as a physical lab analyst at Firestone.[2] Among other duties, a physical lab analyst is responsible for collecting and testing samples from the first three skids of a new rubber in production.[3]

On June 9, 2010, Firestone placed a new rubber into production, and Poullard was to test samples from each of the first three skids of that production.[4] Poullard documented on his log sheets and in Firestone's internal information management system that he took a sample from each of the first three skids.[5] However, Poullard's foreman noticed that not all of the skids assigned to Poullard appeared to have been cut for samples.[6] Eventually, the Plant Chemist, Michael Mathis ("Mathis"), was notified that it was possible that samples were not taken from each of the first three skids.[7]

Mathis suspended Poullard on June 10, 2010, pending further investigation into the missing samples.[8] Mathis reviewed video footage and collected witness statements and concluded that Poullard had falsified data by entering flush samples as substitutes for the

---

[11] Compl. [Doc. 1], ¶¶ 6-7.
[2] *Id.* ¶¶ 3-4.
[3] *Id.* ¶ 4; Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 8. A "skid" is a unit of production for rubber. Def.'s Statement of Undisputed Material Facts [Doc. 16-7], at n.1. Rubber is produced in rectangular blocks called "bales." *Id.* Once a bale is produced, it is wrapped in polypropylene and stacked in a metal container. *Id.* The full container is the skid. *Id.*
[4] Compl. [Doc. 1], ¶ 4; Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 11.
[5] Compl. [Doc. 1], ¶ 5; Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 17.
[6] Comp. [Doc. 1], ¶ 5; Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 12.
[7] Compl. [Doc. 1], ¶ 5; Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 13.
[8] Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 25.

samples that he should have taken from the required skids.[9] Poullard does not deny entering false information, but he denies doing so "knowingly or willingly [sic]."[10]

After concluding his investigation, Mathis recommended Poullard's termination to Sherry Griffin ("Griffin"), Firestone's Human Resources Manager.[11] Griffin conducted her own investigation and determined that Poullard failed to follow proper testing procedures, falsified data by entering information about samples not taken, and failed to perform his assigned tasks.[12] Griffin then recommended terminating Poullard to the Plant Manager, who approved the termination effective June 10, 2010.[13]

Poullard filed suit in federal court on October 22, 2012, on the basis of jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.[14] His complaint alleged claims for intentional discrimination under 42 U.S.C. § 1981, retaliation under 42 U.S.C. § 1981, and intentional infliction of emotional distress under applicable Louisiana law.[15] On June 24, 2014, Firestone filed a Motion for Summary Judgment [Doc. 16] on Poullard's claim of discrimination under 42 U.S.C. § 1981.[16]

Also before the court is Firestone's Motion *in Limine* [Doc. 18]—seeking to bifurcate the trial—as well as Firestone's Motion *in Limine* [Doc. 19], which attempts to exclude inadmissible hearsay. Firestone has also filed a Motion *in Limine* [Doc. 20] to prevent the plaintiff or his witnesses from testifying about matters about which they have no personal knowledge, a Motion *in Limine* [Doc. 21] to exclude evidence of time-barred assertions, and a Motion *in Limine* [Doc.

---

[9] *Id.* ¶¶ 22, 27. Flush is the small amount of rubber process through the equipment to clean out any remnants from the old rubber. *Id.* at n. 2.
[10] Compl. [Doc-1], ¶¶ 6-7.
[11] Def.'s Statement of Undisputed Material Facts [Doc. 16-7], ¶ 28.
[12] *Id.* ¶ 30.
[13] *Id.* ¶ 31.
[14] Compl. [Doc. 1], ¶ 1.
[15] *Id.* ¶¶ 7, 11.
[16] Def.'s Mot. for Summ. J. [Doc. 16], at 1.

22] to exclude witnesses and exhibits not timely and properly disclosed during discovery. All Motions *in Limine* were filed by Firestone on August 8, 2014.[17]

## LAW & ANALYSIS

### I. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (*citing Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (*citing Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Moreover, all material facts set forth in the

---

[17] Def.'s Mot. in Limine to Bifurcate Trial [Doc. 18]; Def.'s Mot. in Limine to Exclude Inadmissible Hearsay [Doc. 19]; Def.'s Mot. in Limine to Exclude References to Conduct of which Pl. or His Witnesses Have No Personal Knowledge [Doc. 20]; Def.'s Mot. in Limine to Exclude Evidence of Time-Barred Assertions [Doc. 21]; and Def.'s Mot. in Limine to Exclude Witnesses and Exs. Not Timely and Properly Disclosed During Disc. [Doc. 22].

statement required to be served by the moving party will be deemed admitted for purposes of the motion, unless controverted. Local R. Civ. P. 56.2.

II.   **Intentional Discrimination under Section 1981**

Poullard has failed to establish a *prima facie* case under 42 U.S.C. § 1981. Section 1981 grants citizens equal rights to "make and enforce contracts," including the "making, performance, modification, and termination of contracts." 42 U.S.C. § 1981 (a)-(b). If there is no direct evidence, a *prima facie* case of intentional discrimination under Section 1981 can be satisfied if the plaintiff (1) is a member of a protected class, (2) was qualified for a position that he held before being discharged, (3) was discharged, and (4) his employer filled the position with a person who is not a member of the protected class. *Raggs v. Mississippi Power and Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (internal citations omitted).

Two of the four elements necessary for a *prima facie* case under Section 1981 are missing in Poullard's complaint. There is no question that Poullard was terminated by Firestone on June 10, 2010. There is similarly no issue that Poullard was qualified for his position, having held it for a number of years before being fired. Thus, the second and third elements of Poullard's *prima facie* case are satisfied. However, Poullard's complaint does not assert that he is a member of a protected class, and it also does not contain information about whether Poullard's replacement was or was not a member of a protected class.[18] Even drawing all inferences in favor of Poullard, the motion for summary judgment must be granted because the plaintiff has failed to raise a genuine dispute as to a material fact, and Firestone is entitled to judgment as a matter of law.

---

[18] The complaint does, however, describe an incident in 2006 in which Poullard was briefly removed from his position and replaced with a white trainee; he was subsequently reinstated after filing a complaint, and this incident does not form the basis for the Section 1981 claim for intentional discrimination. Compl. [Doc. 1], ¶ 3.

5

Even assuming, *arguendo*, that this court found that Poullard's complaint established a *prima facie* case under Section 1981, the grant of a motion for summary judgment would still be appropriate. Once a plaintiff makes his *prima facie* case of discrimination, the burden shifts to the employer to produce evidence that its actions were justified by a legitimate, nondiscriminatory reason. *Raggs*, 278 F.3d at 468 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993)).

After the employer produces evidence that its actions were justified by a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's nondiscriminatory explanation is pretextual. *Raggs*, 278 F.3d at 468 (citing *Reeves*, 530 U.S. at 148). A plaintiff may establish pretext by showing that the reason for his termination (1) had no basis in fact; (2) did not actually motivate his termination; or (3) that the reason was insufficient to motivate his termination. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011). "While the ultimate burden of proving discrimination remains with the plaintiff throughout the case, within the context of a summary judgment motion, 'the question is not whether the plaintiff *proves* pretext, but whether the plaintiff raises a genuine issue of fact regard pretext.'" *Bright*, 305 Fed.Appx. at 203 (citing *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 813 (5th Cir. 1991)).

Firestone asserts that its legitimate, nondiscriminatory reason for terminating Poullard is Poullard's failure to take samples from skids two and three and subsequent falsification of data.[19] In support of its assertion, Firestone has offered a verified affidavit from its Human Resources

---

[19] Def.'s Mem. of Law in Supp. Of Its Mot. for Summ. J. [Doc. 16-6], at 8-10.

Manager,[20] a copy of its rules of conduct signed by Poullard,[21] and Poullard's termination letter.[22] Poullard has offered no evidence to contradict Firestone's assertions. Because Poullard has failed to raise a genuine dispute as to whether Firestone's given reason for his termination was pretextual, Firestone is entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that the defendant's Motion for Summary Judgment [Doc. 16] on Poullard's claim for discrimination under Section 1981 of the Civil Rights Act of 1866 be and hereby is **GRANTED**.

### III.  Firestone's Motion *in Limine* to Bifurcate Trial

Firestone's Motion *in Limine* [Doc. 18] seeks to "bifurcate this trial into separate liability and damages phases."[23] Alternatively, Firestone moves the court to conduct a separate punitive damages phase.[24] The plaintiff has filed no opposition to Firestone's motion.

The court may order a separate trial of any separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed. R. Civ. P. 42(b). The decision to bifurcate a trial is squarely within the discretion of the trial judge. *First Texas Savings Assn. v. Reliance Ins. Co.*, 950 F.2d 1171, 1175 n. 2 (5th Cir. 1992). However, there are limits on the court's ability to order separate trials:

> The issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice. This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the *general right of a litigant to have only one jury pass on a common issue of fact*. This rule has an additional, pragmatic basis-if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.

---

[20] Aff. of Sherry Griffin [Doc. 16-1].
[21] Ex. 1 [Doc. 16-2].
[22] Ex. 2 [Doc. 16-3].
[23] Mot. in Limine [Doc. 18]
[24] *Id.*

7

*McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (emphasis in original) (internal citations omitted).

    The elements of the tort of intentional infliction of emotional distress under Louisiana law are: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . ." *Moresi v. State Through Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990) (citations omitted). Compensatory damages for emotional harm are recoverable under Section 1981. *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977). It is true that punitive damages need not be accompanied by compensatory damages in these types of cases. *Abner v. Kansas City S. R. Co.*, 513 F.3d 154, 160 (5th Cir. 2008). However, in proving punitive damages, a plaintiff must show that the defendant "engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a.

    The court is not convinced that the issues of liability and damages can be clearly separated for Poullard's claims. Moreover, there is no evidence to indicate that such a separation would expedite matters. Firestone is correct in that if such a bifurcation were to occur, and Firestone was subsequently not found to be liable, then the total time of the proceedings would be reduced by whatever time was to be devoted to presentation of evidence on damages. However, if Firestone were to be found liable in the liability phase, then there would be another jury to be selected, another pretrial conference held, and another series of pretrial motions to consider. Exercising the court's discretion in this matter, the undersigned finds that a bifurcation of the issues would be inappropriate. Accordingly,

**IT IS ORDERED** that Firestone's Motion in Limine to Bifurcate Trial [Doc. 18] be and hereby is **DENIED**.

IV.  Firestone's Motion *in Limine* to Exclude Inadmissible Hearsay

Firestone's Motion *in Limine* [Doc. 19] moves the court to instruct Poullard and his counsel not to "mention, refer to, interrogate concerning, attempt to offer into evidence or convey to the jury in any manner, either directly or indirectly, any prior statements made by Firestone's former or current employees, whose statements are not party admissions . . . ." Poullard has filed no opposition to Firestone's Motion *in Limine* [Doc. 19].

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay is not admissible unless any of the following provides otherwise: a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. Under Federal Rule of Evidence 801, certain statements are party admissions and therefore not considered hearsay; these include statements "offered against an opposing party" and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D).

Firestone seeks to exclude the introduction of hearsay statements by Firestone's employees that do not fall into the category of a party admission. Accordingly,

**IT IS ORDERED** that Firestone's Motion *in Limine* to Exclude Inadmissible Hearsay [Doc. 19] is **GRANTED** to the extent that Poullard seeks to introduce hearsay statements by Firestone's employees that do not constitute party admissions.

### V. Firestone's Motion *in Limine* to Exclude References to Conduct of which Plaintiff or His Witnesses Have No Personal Knowledge

Pursuant to Federal Rule of Evidence 602, Firestone has filed a Motion *in Limine* [Doc. 20] seeking to have the court order Poullard not to "mention, refer to, interrogate concerning, attempt to offer into evidence[,] or convey to the jury in any manner, either directly or indirectly, any evidence about which he or his witnesses have no personal knowledge."[25] Firestone also urges the court to exclude Poullard from testifying about "any other employee's experience, disciplinary actions, or termination, or any other Firestone investigation, or any other employee's grievance process."[26] Poullard has not filed any opposition to this motion.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. To the extent that Poullard attempts to offer evidence without first providing a foundation, the court will exclude such evidence. Nevertheless, the court declines at this time to issue a blanket ruling prohibiting Poullard from testifying about "any other employee's experience, disciplinary actions, or termination, or any other Firestone investigation, or any other employee's grievance process." Accordingly,

**IT IS ORDERED** that Firestone's Motion *in Limine* to Exclude References to Conduct of Which Plaintiff or His Witnesses Have No Personal Knowledge [Doc. 20] be and hereby is **GRANTED**, insofar as it seeks to exclude the admission of witness testimony outside of the personal knowledge of the witnesses consistent with Federal Rule of Evidence 602.

### VI. Firestone's Motion *in Limine* to Exclude Evidence of Time-Barred Assertions

In Firestone's Motion *in Limine* [Doc. 21], Firestone moves the court to instruct Poullard not to "mention, refer to, interrogate concerning, attempt to offer into evidence, or convey to the jury

---

[25] Mot. in Limine [Doc. 20].
[26] Mem. in Support of Mot. in Limine [Doc. 20-1], at 2.

in any manner, either directly or indirectly, any evidence of time-barred assertions."[27] Poullard has filed no opposition to this motion. The court is unwilling to determine which assertions may be time barred at this point. Accordingly,

**IT IS ORDERED** that Firestone's Motion *in Limine* to Exclude Evidence of Time-Barred Assertions [Doc. 21] be and hereby is **DENIED, AS PREMATURE**, with leave given to Firestone to re-urge the motion when and if appropriate.

### VII. Firestone's Motion *in Limine* to Exclude Witnesses and Exhibits That Were Not Timely and Properly Disclosed During Discovery

Firestone's Motion *in Limine* [Doc. 22] seeks to exclude "testimony, documentary evidence, and any other information relating to witnesses and exhibits that Plaintiff failed to timely and properly disclose during discovery."[28] Poullard has filed no opposition to this motion.

Parties are required—without awaiting a discovery request—to provide to the other parties: (1) name and contact information of each individual likely to have discoverable information unless solely used for impeachment; (2) a copy or description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims, unless solely used for impeachment; (3) a computation of each category of damages claimed; and (4) any insurance agreement under which an insurance business may be liable. Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). These disclosures must occur at or within "14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(c). If a party fails to provide information or identify a witness as required by Rule 26(a), then that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

---

[27] Mot. in Limine [Doc. 21].
[28] Mot. in Limine [Doc. 22].

In *Texas A& M Research Foundation v. Magna Transportation, Inc.*, the Fifth Circuit identified four factors that a court should consider in determining whether a violation of Rule 26 is substantially justified or harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by a continuance; and (4) the party's explanation for its failure to disclose. *Texas A& M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citing *U.S. v. $9,042,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

The court finds that the exclusion of the evidence identified by Firestone is important. Poullard has not made any initial disclosures under Rule 26, so exclusion would effectively bar all potential evidence and limit Poullard's ability to present his case. But because there have been no filings in this case, it is impossible for the court to determine the importance or irrelevance of any potential evidence from Poullard. Therefore, the first factor weighs in favor of excluding the evidence.

It is difficult to determine how much Firestone would be prejudiced by allowing Poullard to put on evidence. Poullard could intend to question one witness or fifty. However, because the trial is scheduled to begin on September 22, 2014, and Firestone has had no opportunity to review evidence, allowing evidence at this time would prejudice Firestone. This second factor weighs in favor of exclusion of Poullard's evidence.

There is a possibility that a continuance would cure the prejudice to Firestone. A continuance would give time to Poullard to make initial disclosures and for Firestone to respond accordingly. However, there is no indication that a continuance would be an effective remedy in this matter; a year has passed without any filings by Poullard. Without reason to believe that a

continuance in this case would do anything more than delay the inevitable, the third factor leans in favor of exclusion of the evidence.

Additionally, Poullard has offered no explanation for his failure to meet discovery deadlines. The scheduling conference in this case occurred on September 5, 2013. To date, Poullard has not submitted any discovery. Despite assurances made to Magistrate Judge Kay during the pretrial conference on August 22, 2014, Poullard has yet to file for a continuance. Without explanation for Poullard's failure to comply with Rule 26 and make the required disclosures, the court finds that this fourth factor weighs in favor of exclusion of the evidence.

Considering all of the factors together, the court finds that Poullard's violation of Rule 26 was neither substantially justified nor harmless. Therefore, the exclusion of evidence as prescribed under Rule 37 is appropriate in this matter. Accordingly,

**IT IS ORDERED** that Firestone's Motion *in Limine* [Doc. 22] be and hereby is **GRANTED** and any information required to be provided by Rule 26(a) that has not yet been disclosed is hereby excluded.

Lake Charles, Louisiana, this *16* day of ___Sept___, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE